21-2041
*Kleinknecht v. Ritter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-three.

PRESENT:

> ROSEMARY S. POOLER,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

SUZANNE W. KLEINKNECHT AS PERSONAL REPRESENTATIVE OF RICHARD P. KLEINKNECHT, SUZANNE W. KLEINKNECHT,

      *Plaintiffs-Appellants*,

      v.

JOHN RITTER, JR., JAMES SIINO, GILBERT HENOCH, GARY KALBAUGH, GREGORY LINAKIS, DAVID WENTER, CHRISTOPHER CAGNAZZI, JACK MULDERRIG, AMELIA BROGAN, MICHAEL KOLODNER, THE INCORPORATED VILLAGE OF LLOYD HARBOR, THE ZONING BOARD OF APPEALS FOR THE INCORPORATED VILLAGE OF

No. 21-2041

LLOYD HARBOR, THE PLANNING BOARD OF
THE INCORPORATED VILLAGE OF LLOYD
HARBOR,

    *Defendants-Appellees.*

_____

| | |
|---|---|
| **For Plaintiffs-Appellants:** | TIFFANY D. FRIGENTI (Robert P. Lynn, Jr., John W. Dunne, *on the brief*), Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY. |
| **For Defendants-Appellees:** | MICHAEL A. MIRANDA, Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this order.

Richard and Suzanne Kleinknecht appeal from the district court's judgment dismissing their complaint against the Incorporated Village of Lloyd Harbor (the "Village") and others (collectively, the "Defendants") as unripe.[1]   On appeal,

---

[1] After the close of briefing, Richard Kleinknecht passed away, and his personal representative,

the Kleinknechts argue that their section 1983 claim alleging a taking under the Fifth and Fourteenth Amendments is ripe because, at the time this lawsuit was filed, the Defendants had issued a final decision preventing them from constructing a dock on their waterfront property in Lloyd Harbor, New York (the "Property"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The Property was originally part of a large tract of land that was subdivided into several smaller residential lots. During the process of subdividing the land, the Village was granted an indenture conveying certain development rights over the waterfront residential lots – including the Property. As relevant here, the indenture provided that no new docks could be built on these newly subdivided lots, but that the affected homeowners of these lots could use an existing community boathouse and pier instead. The Village's Planning Board subsequently voted to restate this provision in the deed to each encumbered lot. As a result, when the Kleinknechts purchased the Property in 1999, their deed included a provision prohibiting them from building a dock and instead providing them access to the boathouse and pier.

---

Suzanne Kleinknecht, was substituted as a party under Fed. R. App. P. 43(a)(1). *See* Doc. No. 79. In this order, we refer to the Plaintiffs-Appellants as the "Kleinknechts."

After the Defendants sold the land on which the boathouse and pier stood, the Kleinknechts sought approval to build a dock on the Property – an effort that dragged on for nearly a decade. The saga began in April 2011, when the Kleinknechts submitted to the Planning Board their first application to build a dock (the "2011 Application"). After holding a public hearing on the application, the Planning Board voted to deny it. The Kleinknechts then challenged that denial by commencing an Article 78 proceeding in the New York Supreme Court. The state court ultimately held that the Village's sale of the community boathouse and pier constituted a "change of circumstances," entitling the Kleinknechts "to the issuance of a permit to erect a dock upon the filing of an appropriate application." App'x at 318–19.

In May 2014, the Kleinknechts filed their second dock application (the "2014 Application") with the Village's Building Department. But the Building Department denied the application, citing the proposed dock's noncompliance with the Village zoning code. The Kleinknechts then applied for a variance, which the Village's Zoning Board of Appeals (the "ZBA") denied. To challenge this denial, the Kleinknechts filed a second Article 78 proceeding. That lawsuit wound its way up to the Appellate Division of the New York Supreme Court,

4

which ultimately upheld the ZBA's decision after finding that it was not "arbitrary and capricious." *In re Kleinknecht v. Brogan*, 86 N.Y.S.3d 582, 584 (2d Dep't 2018).

In April 2016, the Kleinknechts submitted their third dock application to the Building Department (the "2016 Application"). The Village Attorney responded to this application with a letter stating that "the Building Inspector is not authorized to issue any building permits for the encumbered portion of the Kleinknecht property." App'x at 325. The Kleinknechts challenged this determination by commencing a third Article 78 proceeding, in which the New York Supreme Court ordered the Building Department to grant the Kleinknechts' 2016 Application. On appeal, however, the Appellate Division modified the order so that the Building Department was required only to "forward the . . . permit application to the Village's Site and Building Permit Review Board in accordance with Village of Lloyd Harbor Code § 205–33(A)." *In re Kleinknecht v. Siino*, 86 N.Y.S.3d 577, 581 (2d Dep't 2018).

In July 2019, the Kleinknechts submitted another dock application, this time to the New York Department of State's Coastal Management Program (the "July 2019 Application"). Two months later, this application was denied by the State. Shortly thereafter, the Kleinknechts filed this lawsuit, pursuant to section 1983, in

the Eastern District of New York, asserting that the Defendants' conduct had amounted to an unconstitutional taking in violation of the Fifth and Fourteenth Amendments. The complaint's only claim alleged a taking dating back to 2011 and "continuing to date." App'x at 49–50. For this claim, the Kleinknechts sought monetary damages and an injunction "directing the [D]efendants to take all action necessary to enable [them] to construct a dock." *Id.* at 50. On December 30, 2019, while this lawsuit was pending, the Kleinknechts submitted to the Village another application to build a dock, which the Building Department finally approved (the "December 2019 Application"). In light of this approval, and the fact that the Kleinknechts have now constructed their dock, the district court dismissed the complaint as unripe, reasoning that the Kleinknechts did not have a final decision when this lawsuit was filed. This appeal followed.

"We review de novo a district court's determination that it lacks subject-matter jurisdiction on ripeness grounds." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (emphasis omitted). At the time the Kleinknechts submitted their first three dock applications, Supreme Court precedent made it clear that claims alleging a government taking of property are not ripe until (1) the "'government entity charged with implementing the

6

regulations has reached a final decision regarding the application of the regulations to the property at issue' (the final-decision requirement)," and (2) "'the plaintiff has sought just compensation through an available state procedure' (the exhaustion requirement)." *Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 294 (2d Cir. 2022) (quoting *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985)). In 2019, however – shortly before the Kleinknechts commenced their action in federal court – the Supreme Court overruled *Williamson County* and dispensed with the exhaustion requirement. *See Knick v. Township of Scott*, 139 S. Ct. 2162, 2167 (2019). As a result, a plaintiff seeking to bring a takings claim need only show a final decision for the claim to be ripe.

A decision is final when "there is no question about how the regulations at issue apply to the particular land in question." *Pakdel v. City & County of San Francisco*, 141 S. Ct. 2226, 2230 (2021) (internal quotation marks and alterations omitted). So long as "avenues still remain for the government to clarify or change its decision," the decision is not final and a takings claim is not ripe. *Id.* at 2231. Thus, when a developer has an opportunity to seek a variance after his permitting application is denied, he must do so before litigating his takings claim in federal

court. *See Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 348 (2d Cir. 2005) (explaining that federal review of a takings claim is conditioned "on a property owner submitting at least one meaningful application for a variance"). Nevertheless, a property owner need not apply for a variance when doing so would be futile, such as when the zoning agency "has dug in its heels and made clear that all such applications will be denied." *Id.* at 349.

As a threshold matter, because the "First Claim" in the complaint alleges only that the taking began in 2011 and continues to date, App'x at 49–50, we must first determine which of the Defendants' actions are the subject of this claim. On review of the district court's grant of a motion to dismiss, we must draw all reasonable inferences in favor of the Kleinknechts. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002). And while it is true that the "First Claim" does not differentiate between the various denials of the dock applications, the body of the complaint certainly does. *See* App'x at 40 (denial of 2011 Application); *id.* at 46 (denial of 2014 Application); *id.* at 49 (denial of 2016 Application). We therefore conclude that the complaint – though lacking

clarity – alleges a separate taking for the denials of the 2011, 2014, and 2016 Applications.[2]

With respect to the 2011 Application, there can be no doubt that the Planning Board definitively decided that the Kleinknechts were not entitled to relief from the restriction in their deed that prohibited them from building a dock. Though the Defendants argue that the Planning Board could not have issued a final decision because the Kleinknechts had yet to petition the Village Board of Trustees for relief from the restriction in the indenture, there was no need for the Kleinknechts to seek such relief given that their deed – which contained language that was identical to that in the indenture – was alone sufficient to prevent them from building a dock, and so a petition to the Board of Trustees would have been futile.

As for the 2014 Application, the Building Department denied that application in light of its noncompliance with the zoning code. And when the

---

[2] To the extent the Kleinknechts are claiming that the denial of their July 2019 Application constitutes a taking, we need not decide whether that claim is ripe because the July 2019 Application was submitted to New York State rather than the Defendants in this action. And while the December 2019 Application *was* in fact submitted to the Village, that submission occurred two months *after* the Kleinknechts filed their complaint in this action, which means that it cannot give rise to a ripe taking claim. *See Trump v. New York*, 141 S. Ct. 530, 534–35 (2020) (explaining that a case must be ripe – and "not dependent on contingent future events" – when "the complaint is filed" (internal quotation marks omitted)).

Kleinknechts sought a variance, the ZBA promptly rejected that request, leaving the Kleinknechts with no other avenues by which to seek a clarification or change of the Village's decision. Clearly, this constituted a final decision by the Village.

The Kleinknechts also received a final decision on the 2016 Application. We see no daylight between the Village Attorney's letter, which stated that the Building Department lacked authority to grant the application, and a letter expressly denying the application. There are no magic words necessary for a decision to satisfy the final-decision requirement, and to the extent that the Kleinknechts could have sought a variance from this decision, doing so surely would have been futile given the Village Attorney's blanket assertion that the "Building Inspector is not authorized to issue any building permits for the encumbered portion of the Kleinknecht property." App'x at 325.

In sum, we hold that the 2011, 2014, and 2016 Applications present ripe claims for review. And while the Defendants raise a number of potentially meritorious affirmative defenses, such as mootness and time bar, we do not reach

the merits of those arguments here because the district court's decision rested exclusively on its finding that the Kleinknechts' claim was not ripe.

Accordingly, we **REVERSE** the judgment of the district court dismissing the complaint and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court